James T. Campbell, Justice,
dissenting.
For the reasons I will outline briefly, I am unable to, agree with my colleagues’ reading of. the retained acreage language in the assignment. The retained acreage clause reads; in part, as follows:
Upon the expiration of the Primary Term- of this Assignment ... this As *30 signment and all rights created" hereunder shall terminate as to all lands and depths covered hereby. Said lease shall revert to Assignor, save and except that portion of said lease included within the proration or pooled unit of each well drilled under this Assignment and producing or capable of producing oil and/or gas- in paying quantities. The term “proration- unit” as used herein, shall mean the area within the surface boundaries of the proration unit then established or prescribed by field rules or special order of the appropriate regulatory authority for the reservoir in which each well is completed.
The majority adopts the interpretation of the language advanced by appellees Chesapeake Exploration Limited Partnership and Chesapeake Exploration, LLC. It reads the language to express the parties’ intention that on expiration of the primary term, the assignee would retain the leasehold insofar as it applied to the number of acres in each producing well’s proration unit, as established or prescribed by the applicable field rules. Because, the majority says, the field rules for the Allison — Britt (12,350’) Field prescribe a 320-acre proration unit, the assignee retained 320 acres per well completed in that field, regardless of the acreage the operator chose to assign to the well by its Form P-15.
But the assignment doesn’t say the as-signee will retain the number of acres in a unit prescribed by the field rules. It says the assignee will retain “that portion of said lease included within the proration ... unit,” and then defines “proration unit.” Merely defining the term “pro-ration unit” does not make the assignment say that the portion of the lease included within the proration unit “is,” “must be” or “always equals” the prescribed proration unit. By equating the former phrase “the portion within the proration ... unit” with the prescribed 320-acre proration unit, the majority effectively has read the former phrase out of the parties’ agreement.
By its assumption the parties intended the assignee to retain 320 acres, the majority also reads language into the parties’ agreement. The agreement’s “proration unit” definition speaks of “the area within the surface boundaries of the proration unit then established or prescribed by field rules.” The-assignment’s language does not suggest the parties intended the as-signee to retain the maximum acreage permitted for a proration unit by the field rules.[1]
*31 The majority’s reading of the assignment is untenable also because it fails to accomplish the language’s purpose of identifying the acreage to be retained by the assignee. If the language says only that the assignee retains B20 acres because that’s the prescribed proration unit, it begs the question, “which 320 acres?” As the majority points out, the field rules do not prescribe the particular acreage to be contained within the prescribed proration unit. That fact is not an argument for reliance only on the-field rules for the identification of the acreage to be retained. It is an argument to give effect to the language used by the parties, by which the assignee retains “that portion of said lease included within the proration ... unit.” The parties cannot identify “that portion” merely by identifying the number of acres it may contain.[2]
The Eastland Court of Appeals recently addressed lease language similar to the assignment language we encounter in this case. Endeavor Energy Res., L.P. v. Discovery Operating, Inc., 448 S.W.3d 169 (Tex.App.—Eastland 2014, pet. filed). The lease contained language stating that at the end of its primary term, it would terminate as to all of the leased lands, except for “those lands and depths located within a governmental proration unit assigned to a well ..., with each such governmental proration unit to contain the number of acres required to comply with the applicable rules and regulations of the [Railroad Commission] for obtaining the maximum producing allowable for the particular well.” Id. at 175-76. The parties took positions like those we confront; the lessee contended the latter clause of the retained acreage language “automatically establishes the size of the proration units” to be the maximum acreage, 160 acres. Id. at 177. The court disagreed, holding that the lessee’s interpretation conflicted with the parties’ use of the word “assigned” in the language’s earlier clause. The language in its entirety, the court found, demonstrated that the parties intended “the last clause in [the retained acreage language] to define the amount of acres that [the lessee] was to include in the governmental pro-ration units that it assigned in its certified proration plats filed with the [Railroad Commission].”
The parties to the assignment in our case did not use the phrase “lands and depths located within a governmental pro-ration unit assigned to a well.” But they used the words “that portion of said lease included within the proration .., unit.” The effect is the same. The Eastland court recognized that it is by the filing of the certified proration plat that acreage is assigned to a governmental proration unit for a well. Id. at 178. Acreage is “included within” a proration unit in the same way.
*32 I would give the language before us a construction like that the Eastland court applied in Endeavor, 448 S.W.3d at 177-78. Such a construction would require reversal of the trial court’s summary judgment in favor of appellees Chesapeake Exploration Limited Partnership and Chesapeake Exploration, LLC,- and remand to the trial court. Because the .Court affirms the summary judgment, I respectfully dissent.

. When the parties wanted to designate the configuration of the proration unit as well as its number of acres, they did so, in the case of wells not subject to field rules or special order.